IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER C. BARGAINER, | § § § | |
| *Plaintiff*, | § § § | Civil Action No. _____ |
| v. | § § § § | JURY DEMANDED |
| AMERICAN BUREAU OF SHIPPING A/K/A ABS AMERICAS, | § § § § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JENNIFER C. BARGAINER ("Bargainer" or "Plaintiff"), complaining of American Bureau of Shipping a/k/a ABS Americas ("ABS" or "Defendant"), and for cause of action would respectfully show unto the Court the following:

I.

PARTIES

1. Plaintiff Bargainer is an individual, a resident of Harris County, Texas and citizen of the State of Texas.

2. Defendant ABS is a corporation organized and existing under the laws of the State of New York. Defendant maintains an agent for receiving service of process in

1

the State of Texas, and may be served with summons by serving its registered agent for service of process, The Prentice Hall Corp. System, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701, a true copy of the summons with a copy of Plaintiff's Original Complaint attached thereto, pursuant to the Federal Rules of Civil Procedure.

II.

INTRODUCTION AND FACTS

3. This is an action for damages, including but not limited to, back pay and benefits, front pay and benefits, statutory damages, special damages, exemplary damages, damages for mental anguish, costs, pre and post-judgment interest and attorneys' fees sustained by Plaintiff as a result of Defendant's violations of Title VII of the 1964 Civil Rights Act, as amended, and violations of the Texas Commission on Human Rights Act ("TCHRA"), as codified in the Texas Labor Code 29 §21.001, *et seq*.

4. Defendant discriminated against Plaintiff based on her national origin, and then retaliated against Plaintiff for engaging in activity protected by law – her reporting of the discriminatory comments and attitude that she believed were violations of Title VII and TCHRA, to Defendant's upper management and Human Resources Department.

5. Plaintiff was employed by Defendant as an Administrative Assistant in 2005.

6. Plaintiff performed good work and was recognized as a good employee.

7. In 2008, an issue arose regarding overtime. That March, Plaintiff was given a written reprimand, ostensibly because she had sought compensation for too much overtime in violation of a non-existent "company policy."

8. Plaintiff addressed the issue with her direct supervisor, who informed her there was no violation and she had done nothing wrong.

9. However, over the course of 2008, Plaintiff began to be scrutinized and badgered by Defendant.

10. Defendant's Human Resources personnel, Kimberly Blassingame, had learned that Plaintiff was from Trinidad.

11. Blassingame taunted Plaintiff about her national origin, questioned her about "Caribbeans", and expressed her stereotypical views of people such as Plaintiff.

12. While this was going on, Plaintiff was informed that she was to be promoted.

13. Plaintiff was pleased with the news of imminent promotion, but uncomfortable and disturbed about the comments related to her national origin and the heightened scrutiny she had been under by Defendant.

14. Plaintiff decided that she would report the discriminatory remarks and scrutiny to Defendant's upper management, and did.

15. Subsequently, she inquired multiple times regarding the promotion she had been promised.

16. She was told that the job was hers, yet it never materialized.

17. In the months that followed her reporting the discriminatory remarks and heightened scrutiny, she was ostracized and treated in a dismissive manner.

18. This daily and prolonged mistreatment had a terrible effect on Plaintiff's mental and physical health.

19. In March 2009, after it had already been established that Plaintiff had not violated any policy, Defendant delivered to Plaintiff a second reprimand for purported "non-compliance with overtime restrictions."

20. This act by Defendant shattered Plaintiff's already fragile psyche.

21. Plaintiff went to her superior and informed him that she needed to see her doctor.

22. Upon visiting her doctor, it was quickly determined that Plaintiff was suffering from severe, job-related stress that resulted in physical ailment that continues and is treated to this day.

23. Defendant discriminated against Plaintiff due to her national origin and retaliated against her when she complained of it, in violation of Title VII of the 1964 Civil Rights Act, as amended, and violations of the Texas Commission on Human Rights Act ("TCHRA"), as codified in the Texas Labor Code 29 §21.001, *et seq*.

III.

TITLE VII AND TCHRA RETALIATION

24. Plaintiff Bargainer incorporates by reference all preceding paragraphs as if fully stated herein.

25. Defendant discriminated against Plaintiff due to her national origin and retaliated against her when she complained it, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Texas Commission on Human Rights Act, as codified in the Texas Labor Code 29 §21.001, *et seq*.

26. As a direct result of Defendant's acts, Bargainer suffers damages in excess of the minimal jurisdictional limits of this Court for which Defendant is liable.

27. Bargainer prays that she recover from Defendant her actual damages, statutory damages, general damages, special damages, nominal damages, punitive damages, exemplary damages, reasonable attorney fees, expenses, costs of court and all other relief, either general or special, at law or in equity, to which she may be justly entitled in an amount to be determined by a jury at trial.

IV.

CONDITIONS PRECEDENT

28. All conditions precedent have been performed or have occurred to allow Plaintiff to file her present claims.

29. Plaintiff filed a formal Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Commission on Human Rights (now known as the Texas Workforce Commission Civil Rights Division) on or about March 11, 2009 – Charge Number 460-2009-02323. She subsequently received her Right to Sue from the EEOC and has filed her claims within ninety (90) days of such.

V.

JURY DEMAND

30. Plaintiff hereby demands a jury trial on all issues that can be submitted to a jury.

VI.

PRAYER

Plaintiff prays that:

a. Defendant be cited to appear and answer herein;

b. Plaintiff be granted judgment against Defendant for her damages and the monies due and owing;

5

c. Plaintiff be granted judgment against Defendant for pre-judgment interest and post-judgment interest at the maximum legal rate;

d. Plaintiff be granted judgment against Defendant for reasonable attorneys' fee and costs of court;

e. Plaintiff be granted such other and further relief, special or general, legal or equitable, as Plaintiff may show that she is justly entitled to receive.

Respectfully submitted,

JONES, GILLASPIA & LOYD, L.L.P.

/s/ John Bruster Loyd

John Bruster Loyd
State Bar No. 24009032
SDTX No. 23240
1300 Post Oak, Suite 830
Houston, Texas 77056
Telephone: 713.225.9000
Facsimile:  713.225.6126

ATTORNEYS FOR PLAINTIFF